**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| FRANKLIN L. WILLIAMS, | |
| Petitioner, | CIVIL ACTION NO.: 5:16-cv-16 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 5:06-cr-14) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, to contest his conviction and sentence obtained in this Court in Case Number 5:06-cr-14. Upon review, I **RECOMMEND** that the Court **DISMISS** Williams' Section 2255 Motion, **DENY** him *in forma pauperis* status on appeal, and **DENY** him a certificate of appealability. The Court **DISMISSES** as moot Williams' Motion for Status, (doc. 2).

## DISCUSSION

**I.  Whether Williams can Proceed Pursuant to Section 2255**

Williams' present Motion is yet another in a long line of Section 2255 motions Williams has filed in this Court. The instant Motion represents no less than Williams' twenty-third Section 2255 motion filed in this Court since 2008. All of Williams' previous motions were denied on the merits or as being an unauthorized second or successive Section 2255 motion. See, e.g., Williams v. United States of America, 5:08-cv-34, and Williams v. United States of

America, 5:14-cv-62. While the Court cannot, unfortunately, prevent Williams from filing his repetitive and abusive habeas corpus motions, the Court can prevent the waste of judicial resources expended on the review of his claims and should dispose of Williams' Motion as expeditiously as possible.

Through his many prior motions, Williams has asserted either the same claims as he does in this cause of action or some variation of those claims. (Doc. 1.) As the Court informed Williams on these many previous occasions, he is not entitled to his requested relief. "The judge who receives the [Section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. Williams' Section 2255 Motion is successive, and there is no evidence that the Eleventh Circuit Court of Appeals has authorized Williams to file such a motion in this Court.[1] Consequently, the Court should **DISMISS** Williams' Motion.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Williams has, of course, not yet filed a

---

[1] To file a second or successive Section 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show

notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show

"that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' pleading and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Williams a Certificate of Appealability, Williams is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Williams a Certificate of Appealability and **DENY** Williams *in forma pauperis* status on appeal. The Court **DISMISSES** as moot Williams' Motion for Status. (Doc. 2.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Williams.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA